## CHARLES H. REMICK v. H. J. LANGFITT AND ANOTHER.[1]

October 25, 1918.

No. 20,921.

**Action for services — testimony of plaintiff's servants inadmissible — verdict sustained.**

Plaintiff conducted a detective agency at Minneapolis and was employed by defendant to ascertain whether there were illegal sales of intoxicating liquors at Hutchinson, Minnesota. Plaintiff was to receive a fixed per diem for each detective, or operator, while investigating and while attending as a witness in the criminal prosecutions that might result. In this action to recover a balance for the services so rendered it is *held*:

(1) The court did not err in excluding the offer of defendant to show by the stenographic reporter in the criminal prosecutions what plaintiff's operatives, or detectives, therein testified to, as to the manner in which the work was done or that one of such operators had been previously convicted of crime. In giving their testimony in the criminal prosecutions the operators did not represent plaintiff, but related past events that had come within their knowledge.

(2) The verdict is supported by the evidence.

Action transferred to the district court for McLeod county to recover a balance of $643.42 for services rendered. The substance of the separate answer of H. J. Langfitt is given in the first paragraph of the opinion. The case was tried before Tifft, J., who when defendant rested denied plaintiff's motion for a directed verdict against defendant Langfitt, and a jury which returned a verdict for the amount demanded. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant Langfitt appealed. Affirmed.

*C. G. Odquist* and *Sam G. Anderson, Jr.,* for appellant.

*Brady, Robertson & Bonner,* for respondent.

[1]Reported in 169 N. W. 149.

Holt, J.

At the request of defendant, plaintiff, who conducts a detective agency in Minneapolis, sent operatives or detectives to Hutchinson, Minnesota, in the summer of 1914, to ascertain whether suspected illegal liquor traffic existed, and to secure evidence against violators of the law. Defendant was then mayor of Hutchinson, but it is not claimed that he acted in his official capacity in employing plaintiff. It was agreed that plaintiff should be paid a fixed per diem and expenses for each operator placed on the work, including the time such operator would be required to attend as witness in the prosecution of those against whom evidence of illegal sales might be found. Plaintiff sent two men first, who spent several days at Hutchinson; but, their mission being suspected, they were withdrawn and others took their place. Evidence of law violations was obtained, four indictments were found, and two trials were had, resulting in acquittals. Defendant then refused to pay in full the bill presented by plaintiff, and this action was brought alleging the express contract stated. The answer admitted the contract, but as a defense alleged that the operators sent by plaintiff were of bad character, unfit and incompetent, "that said investigation was conducted in bad faith, with an unnecessarily large number of persons and protracted over a period of time grossly unnecessary to determine the actual facts." The jury returned a verdict for the amount claimed by plaintiff, and defendant appeals.

The court rejected the defendant's offer to prove by the stenographic reporter at the criminal trials mentioned what one of plaintiff's operators therein testified to, concerning the manner in which the evidence was procured and the work done; and also that another operator in his testimony acknowledged that, prior to his engagement with plaintiff, he had been convicted of illegal liquor sales and of running a house of ill-fame. These rulings are assigned as errors. The contention is, that inasmuch as plaintiff was drawing the agreed per diem and expenses for the operators while they were giving this testimony and the employment contemplated that they should testify, such testimony is properly admissible in this action under the well-established rule that declarations made by a servant in the transaction of the master's business are always admissible against the master in a suit involving

the transaction and where the master and the one to whom the declarations were made are the opposing litigants. 1 Greenleaf, Evidence (16th ed.) § 184c [113]; 1 Elliott, Evidence, § 252; Presley v. Lowry, 25 Minn. 114. We do not think that the rule invoked is applicable to the testimony of a servant given in a previous trial between other parties. While this employment included the giving of testimony by plaintiff's operators, it could not have been contemplated that while so doing they were engaged in any transaction wherein they were authorized to speak for either plaintiff or defendant in the matter involved in this action. They were merely engaged to truthfully relate the past events they had witnessed in their work. Their testimony was not given for the purpose of inducing this defendant to act or to refrain from acting in any matter involved herein. When a witness testifies he speaks for himself and his own conscience, and is not acting for any master or principal. Vohs v. A. E. Shorthill Co. 124 Iowa, 471, 100 N. W. 495.

It may also be said that appellant is not in position to complain, nor was he prejudiced by the rulings. The record does not disclose what the one operator testified to in the criminal trial, concerning the manner in which the investigation was conducted or as to character or competency of operators engaged; and that the other operator had been convicted of crime, was so conclusively proven in this case by the testimony of the witness Youngdahl that nothing could have been added thereto by the testimony of the stenographic reporter offered by appellant.

In view of the fact that Mr. Youngdahl, the attorney and agent of defendant who employed plaintiff to conduct the investigation, who received reports of the work of the operators as it was done, who was consulted and advised concerning it, who knew of the extent and cost thereof as it progressed, and who as special prosecuting attorney conducted the criminal trials, testified in this action that all the testimony requested was furnished, that he was satisfied with the service rendered by plaintiff's agency, that the evidence adduced in the criminal cases was such that the jury ought to have convicted, it is not surprising that the jury found in plaintiff's favor. And there is nothing in the record which warrants this court in holding that the verdict is without support. The mere fact that one of the operators had been

convicted of crime some time before plaintiff employed him in this
matter is not sufficient to defeat this action, conceding that the con-
tract was that plaintiff should place only the best men on this work.
There was no offer to prove that plaintiff ever knew of his employee's
conviction prior to its disclosure in the criminal trials.   Nor can it be
said that the jury was bound to disregard the old adage "that it takes
a thief to catch a thief," but could conclude that one convicted of illegal
liquor sales was better fitted for a blind pig detective than a lawyer,
or preacher or any other person of respectability.

The order must be affirmed.